ANNA M. BRYANT *v.* ELMO McALISTER ET AL

5-5101                                      448 S. W. 2d 13

Opinion delivered December 22, 1969 .

*Mobley, Bullock & Harris,* for appellant.

*Dobbs, Pryor & Hubbard,* for appellees.

LYLE BROWN, Justice. This litigation arose from an intersection collision between an automobile driven by Deborah McAlister and owned by her father, Elmo McAlister, and one driven by Mrs. Anna M. Bryant. The McAlisters obtained judgment for her personal injuries and his property damage, and Mrs. Bryant appeals. Appellant contends she was entitled to a directed verdict and further asserts error in the court's failure to give an instruction covering the McAlisters' measure of damages.

The accident occurred in Russellville during mid-afternoon in February 1967. The only eyewitnesses were the drivers, and their testimony as to the details of the mishap was brief. There were no obstructions, shrubbery or otherwise, to the drivers' vision of the intersec-

tion. Deborah McAlister was driving east on M Street, which was paved. From her right and driving north came the Bryant car on Greenwood Street, which was not hard-surfaced. Miss McAlister said she approached the crossing at eighteen miles per hour; that she looked both ways and, seeing nothing, entered the intersection; and that thereafter the Bryant car suddenly came in front of her "like a streak" and they collided in or near the southeast quadrant. "She just came in front of me and there was no possible way I could stop or do anything to avoid it, because I was already there."

Mrs. Bryant was employed as a bookkeeper for a truckstop. She had left her office to get some sandwich trays in preparation for an employees' meeting that night and intended to return to the truckstop with the trays. She testified she entered the intersection after looking both ways and seeing no traffic. She fixed her speed at between twenty and thirty miles an hour but said she slowed down considerably as she entered; that just at that point she realized something was approaching from her left; and that when she saw the McAlister car it was right on her. On cross-examination she conceded that she was concerned about a hole of muddy water on the north side of Greenwich and was anxious to miss it because she had just had her car washed. It was also brought out that within a matter of weeks she had another accident at the same crossing and while proceeding in the same direction.

The investigating officer testified that the intersection was uncontrolled. He could not precisely fix the point of impact but he was positive the McAlister car struck the Bryant vehicle. In his opinion no skid marks were made prior to impact, but thereafter both cars skidded. It was his best judgment that the cars collided in the southeast quadrant, which was Mrs. Bryant's lane of traffic.

Appellant argues there is no substantial evidence upon which the jury could have based its verdicts for appellees. In resolving that issue the evidence must be viewed in the light most favorable to appellees. According to Miss McAlister, she lawfully entered the intersection and was the first of the two vehicles therein, and Mrs. Bryant suddenly appeared in front of the McAlister car after Miss McAlister had traversed most of the southwest quadrant. Taken at face value, her testimony made a case for submission to the jury. Then there was evidence from which the jury could have concluded that Mrs. Bryant entered the intersection at a speed that was unreasonable under the circumstances; that her concentration on missing the muddy hole caused her not to observe a proper lookout before entering and that she did not in fact see the McAlister car until the moment of impact. Also the jury could have concluded that Deborah McAlister could have exercised a more careful lookout and yet thought that Mrs. Bryant's negligence exceeded the negligence of Miss McAlister. The verdicts were general and awards were returned for much less than the amounts sought. The attack upon the substantiality of the evidence is without merit.

Secondly, appellants allege that the court committed error by not instructing the jury on the elements of damages with reference to any recovery to be awarded the McAlisters. The abstract makes no reference whatsoever to the giving or refusing to give any instructions. The only way of resolving the point would be for each of our judges to proceed to examine the trial record and read most, if not all, the instructions. Of course we are protected from such an ordeal by our Rule 9, requiring abstracting of all material necessary to an understanding of the issues on appeal.

Having concluded that the two points advanced for reversal are without merit, we find it unnecessary to reach a technical point raised on appeal by appellees.

Affirmed.